**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

**ARMAS & JOSEPH, APC**
Andrei Armas, Esq. (299703)
aa@armasjoseph.com
1712 W. Beverly Blvd., Suite 201
Montebello, CA 90640
Telephone: (213) 669-2984

*Attorneys for Plaintiff,*
Ramon Gonzalez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>AFFIRM HOLDINGS INC.; AND, EXPERIAN INFORMATION SOLUTIONS LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **FAIR CREDIT REPORTING ACT;**<br><br>II. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT;**<br><br>III. **CALIFORNIA'S IDENTITY THEFT ACT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

3. RAMON GONZALEZ ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AFFIRM HOLDINGS INC. ("Affirm"); and, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") with regard to attempts by Affirm to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); and (iii) California Identity Theft Act, Cal. Civ. Code § 1798.1, et seq. ("CITA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

13. Plaintiff is a natural person who resides in Carson, California, from whom Affirm sought to collect a debt which was alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

15. Affirm is a company headquartered in the State of Kansas.

16. Affirm is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

18. Experian is a corporation located in the State of California.

19. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

20. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).
21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.
23. On June 22, 2021, Plaintiff received a court summons informing him that he is being sued by Accelerated Inventory Management, LLC ("AIM") for an unpaid loan related to an alleged Lending Club Bank, N.A ("Lending Club") loan.
24. Plaintiff was surprised by this because he was unfamiliar with this debt.
25. Plaintiff believed he was the victim of identity theft.
26. On July 17, 2021, Plaintiff filed a police report with the Los Angeles Sheriff's department stating that he was the victim of identity theft.
27. On February 15, 2022, Plaintiff received a debt collection letter from Capital One Financial Corporation ("Capital One") regarding an account owing in the amount of $975.56.
28. On April 11, 2022, Plaintiff received a letter from a MRS BPO, L.L.C, ("MRS") a debt collector on behalf of Affirm, for an account owing in the amount of $153.54.
29. Plaintiff was unfamiliar with the Affirm and Capital One debts.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

30. Plaintiff believed these accounts were also a product of Identity Theft.
31. On May 24, 2022, Plaintiff received another debt collection letter regarding the Capital One account.
32. On June 16, 2022, due to the fraudulent accounts being reported on his credit, Plaintiff was denied credit with Citi Bank, N.A ("Citi Bank").
33. The constant debt collection attempts and denial of credit brought Plaintiff great stress and anxiety.
34. In or around July 2022, the fraud was resolved with AIM.
35. Subsequently, on August 30, 2022, Plaintiff sent a dispute with supporting documentation to Lending Club disputing their open account under his name.
36. In or around August of 2022, Plaintiff also filed written disputes to the Credit Bureaus regarding the inaccuracy of the open account being reported by Lending Club.
37. Subsequently, and because the account was the result of identity theft, the Lending Club account was removed from Plaintiff's credit reports.
38. On January 01, 2023, Plaintiff filed a police report declaring the Affirm accounts reported on his credit report as Identity Theft.
39. On September 5, 2023, Plaintiff filed a FTC Fraud Affidavit regarding the Affirm accounts.
40. On September 6, 2023, Plaintiff submitted a written dispute with supporting documentation to MRS; Affirm; and, Experian regarding the Affirm accounts.
41. On September 22, 2023, Affirm sent Plaintiff a letter indicating Plaintiff was responsible for the fraudulent account.
42. On or around October 16, 2023, Experian wrote correspondence to Plaintiff stating that the disputed information from Affirm was verified and would not be removed from his account.
43. Plaintiff's written disputed included copies of the police report, FTC Fraud

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

Affidavit, and included all of Plaintiff's identifiable information.

44. Affirm was required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

45. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

46. To date, Affirm's derogatory reporting appears on Plaintiff's Experian credit reports.

47. Affirm submits credit information regarding Plaintiff to the Credit Bureaus every thirty days.

48. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

49. Defendants' investigations were unreasonable.

50. More specifically, Affirm should have discovered from Affirm's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff's Affirm debts needed to be updated.

51. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; and, to not contact Affirm.

52. Accordingly, Affirm failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

53. Affirm failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

54. Due to Affirm's failure to reasonably investigate, Affirm further failed to

correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of misleading information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

55. Through this conduct, Affirm violated Cal Civ. Code § 1798.93.

56. By misleadingly reporting account information after notice and confirmation of its errors, Affirm failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and (E).

57. Through this conduct, violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Affirm knew or should know was inaccurate.

58. Experian also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

59. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

60. Defendants' continued misleading and negative reporting of the misleading information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

61. Defendants' continued negative reporting of the misleading information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

62. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting misleading information.

63. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

64. Defendants' misleading and negative reporting damaged Plaintiff's

creditworthiness.

65. Defendants' conduct has caused Plaintiff emotional distress.

66. Plaintiff has spent countless hours disputing this misleading information with Defendants in an attempt to provide any and all information needed for the investigations.

67. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

68. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

69. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

70. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

71. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

72. Similarly, Experian also received documents in connection with Plaintiff's dispute that directly contradicted the misleading credit reporting.

73. These documents should have caused Experian to remove the misleading

1. information from Plaintiff's credit report.

74. By intentionally reporting continuing obligations, Experian acted in conscious disregard for Plaintiff's rights.

75. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

76. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

79. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

80. As a result of each and every willful violation of the FCRA, Plaintiff is entitled

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AGAINST ALL DEFENDANTS]

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

83. In the regular course of its business operations, Affirm routinely furnishes information to credit reporting agencies pertaining to transactions between Affirm and Affirm consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

84. Because Affirm is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Affirm is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

85. Since Affirm received all documents required to determine the inaccuracy of Affirm's reporting, Affirm should have known to update said reporting.

86. Affirm also should have determined that Affirm's reporting was misleading

through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

87. Attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Affirm.

## COUNT III
## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE § 1798.92-1798.97
## [AGAINST AFFIRM]

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

3. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. §

1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ Code §1798.93 (c)(5)
- A civil penalty of 30,000 pursuant to Cal. Civ Code § 1798.93 (c)(6)
- A declaration regarding Plaintiff's lack of liability to the claimants pursuant to Cal.Civ Code §1798.93 (c) (1)-(2);
- An injunction regarding claimants pursuant to Cal. Civ Code §1798.93 (c)(3)
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

88. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 19, 2024                                          Respectfully submitted,

                                                                                     **LOKER LAW, APC**

                                         By:    /s/ Matthew M. Loker
                                                                            MATTHEW M. LOKER, ESQ.
                                                                            ATTORNEY FOR PLAINTIFF